```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
NISI GUTMAN,                                                      :
                                                                  :
                            Plaintiff,                            :    MEMORANDUM DECISION
                                                                  :    AND ORDER
            - against -                                           :
                                                                  :    19-cv-5853 (BMC)
MALEN & ASSOCIATES, P.C.,                                         :
                                                                  :
                            Defendant.                            :
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. Plaintiff contends that defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt by improperly securing a state court judgment against her. The case is before me on defendant's motion for summary judgment. For the reasons set forth below, the motion is granted.

### BACKGROUND[1]

In a state court debt action, plaintiff and defendant debt collector entered into a stipulation of settlement to resolve the action. The stipulation, so ordered by the Court, provided that plaintiff would pay a sum of $1,000 to settle the debt, to be paid in $25 increments each month until paid in full. The stipulation further specified that, in the event of a default,

---

[1] Defendant did not submit a 56.1 statement of facts in support of its motion for summary judgment. I will excuse that failure because the facts in this case are largely undisputed, the parties have provided me with the facts necessary to decide this motion, and there is no prejudice to plaintiff, who amply cited to the record in her opposition and argued that it justifies summary judgment in her favor. See Cardinal v. Long Is. Power Auth., 309 F. Supp. 2d 376, 384 (E.D.N.Y. 2004).

defendant was to send written notice of the default and provide 10 days' opportunity to cure to plaintiff at a specified "Notice Address" for plaintiff in Brooklyn.

Defendant sent eight notices of default pursuant to the stipulation. However, defendant did not send these notices to plaintiff's address as specified in the stipulation, but instead sent them to plaintiff's state court attorney. The notices of default were sent on April 6, April 24, May 9, June 6, September 28, and December 6, 2018, and on January 8 and February 12, 2019. Plaintiff's last payment was made on December 7, 2018.

On April 29, 2019, defendant sought judgment against plaintiff on the debt due to her default. In the application, defendant averred that plaintiff "has defaulted on the Agreement and was sent a Notice of Default on 02/12/19 and the default has not been cured to date." A copy of the stipulation and the notice of default addressed to plaintiff's attorney were attached to the application.

On August 8, 2019, defendant sent plaintiff's attorney a letter advising that a default judgment was entered against plaintiff in state court on July 23, 2019. Plaintiff's counsel then filed a motion to vacate the default judgment on the grounds that defendant failed to give notice of the default to plaintiff in accordance with the terms of the stipulation. Defendant agreed to vacate the default, and the parties entered into a second stipulation of settlement.

Although plaintiff did not receive the notices of default from defendant, plaintiff's attorney submitted an affidavit declaring that it is his practice to contact his clients and check if they are current on their payment plan if he receives any indication of a default. Transcripts of calls between defendant's representatives and plaintiff and/or her spouse confirm that plaintiff's attorney did notify her of at least some of the default notices and calls that he received from defendant:

- In April 2018, plaintiff called defendant's representative about a returned payment.  The representative explained to plaintiff that a representative had contacted her attorney about it and left a message, to which plaintiff responded, "Right.  I know.  So, that's why I'm calling you.  I would like to know what had happened."  Plaintiff made a payment by phone.

- In October 2018, plaintiff's husband, who claimed to be plaintiff on the call, told the representative, "I got a letter from my lawyer that I have 10 days and it is now 10 days," and explained that he will mail a money order to pay the arrears.  The representative explained, "You're going to be once again on a default for $25 after that payment is being received and posted for the month of October because it's every 5th of each month."  Plaintiff's husband asked, "Is that going to get me a judgment?"  The representative recommended that he speak to his attorney about that question.

- In April 2019, plaintiff's husband called defendant's representative and stated that plaintiff's attorney "told me [a representative] just called him, and I should speak to you.  Somebody called him that they want to go into judgment?"  The representative requested that plaintiff's attorney call her and explained that she is unable to discuss anything further regarding the loan or judgment with plaintiff's husband.

## DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).  If a fact is disputed, "[u]nless the nonmoving party offers some hard evidence showing that its version of the events is not wholly fanciful, summary judgment is granted to the moving party."  Id. (quotation marks omitted).

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

3

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA is a strict liability statute, and therefore, does not require a showing of intentional conduct on the part of a debt collector. Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 134 (2d Cir. 2017). "Because the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." Id.

Plaintiff claims that defendant violated 15 U.S.C. § 1692e by improperly securing a state court judgment against her. Specifically, defendant represented to the state court that it sent plaintiff a notice of default, as required by the stipulation between the parties, but defendant actually sent the notices of default to plaintiff's attorney and not plaintiff. Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including, misrepresenting the "character, amount, or legal status" of a debt or threatening to "take any action that cannot legally be taken." 15 U.S.C. § 1692e. The filing of a debt collection action supported by false or deceptive representations about the status and character of a debt, such as a false affidavit of service, may constitute a violation of the FDCPA. See Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010).

However, "courts in this Circuit have been reluctant to impose liability under the FDCPA for statements made . . . during the course of debt collection litigation." Lautman v. 2800 Coyle St. Owners Corp., No. 14-CV-1868, 2014 WL 4843947, at *12 (E.D.N.Y. Sept. 26, 2014) (collecting cases). This is because "the FDCPA's central purpose of 'protecting unsophisticated consumers from unscrupulous debt collectors' is not implicated in state court proceedings, where litigants 'enjoy myriad procedural and substantive protections from fraudulent and deceptive

4

practices.'" Id. (citations omitted). A misrepresentation to the state court concerning a procedural defect that does not mislead plaintiff in her repayment of or challenge to the debt is thus not a violation of the FDCPA. See Gabriele v. Am. Home Mortg. Servicing, Inc., 503 F. App'x 89, 95 (2d Cir. 2012) (a technical falsehood that misled no one in a court filing is "not misleading or deceptive as to the nature or legal status" of the debt and would not "have prevented the least sophisticated consumer from responding to or disputing the action").

Here, defendant sought judgment against plaintiff for her default despite defendant's failure to literally satisfy the stipulation's prerequisite of providing written notice to plaintiff's specified notice address. In its judgment application, defendant asserted that plaintiff "was sent a Notice of Default."

However, even assuming, *arguendo*, that defendant made a misrepresentation to the state court by representing literal compliance with the stipulation, the misrepresentation is not material under the FDCPA. As an initial matter, the representation was addressed to the state court, not plaintiff, and so is on the outer bounds of the FDCPA's applicability. See Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010) ("While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers.").

Second, and more importantly, plaintiff does not allege (and the evidence does not suggest) that defendant's misrepresentation about its compliance misled or deceived her as to the legal status of the debt or prevented her from responding to or disputing the action. In fact, plaintiff successfully challenged the action by moving to vacate the default judgment, which defendant agreed to do. Thus, the misrepresentation was not material. See Hasbrouck v. Arrow Fin. Servs. LLC, No. 09-CV-748, 2011 WL 1899250, at *4 (N.D.N.Y. May 19, 2011)

5

("Statements are material if they influence a consumer's decision-to pay a debt or if they would impair the consumer's ability to challenge the debt."). Because defendant's misrepresentation was made "[w]ithin the context of an adversary proceeding in state court between two represented parties," Simmons, 622 F.3d 95-96, and "plaintiff could have, and did, seek redress through the court system," Lautman, 2014 WL 4843947, at *12, defendant's filing of the judgment application and the misrepresentation within it do not violate the FDCPA.

To the extent that plaintiff claims that defendant violated the FDCPA by failing to send the notices of default to her as required by the stipulation, such a claim also fails. Plaintiff was aware that the notices of default were being sent to her attorney and not to her, never objected to this practice, and does not argue that it caused her any confusion over the legal status of her debt or prevented her from responding to the default notices that her attorney received and of which he advised her.

Although plaintiff's attorney argues that the call transcripts are not sufficient to establish that plaintiff had actual knowledge of the defaults, I think that no reasonable jury could find otherwise. Plaintiff has submitted no evidence that she was unaware of her default. There is no affidavit from plaintiff to that effect or claiming that she was unaware that the notices of default had been sent to her attorney. Such an affidavit does not exist likely because it could not be submitted in good faith. Plaintiff's state court attorney testified that it is his practice to immediately contact his clients when he receives any indication of a default, and the call transcripts clearly demonstrate that plaintiff and her husband were aware that notices of default were being sent to plaintiff's attorney. Accordingly, defendant's technical noncompliance with the stipulation does not constitute an FDCPA violation.[2]

---

[2] In a second stipulation of settlement executed after defendant agreed to vacate the judgment, the parties stipulated that all future notices of default should be sent to plaintiff's attorney rather than plaintiff. This further suggests that

In opposition to defendant's motion for summary judgment, plaintiff claims for the first time that defendant "affirmatively lied to her (and/or misled her) with respect to the status of her collection account," and acted in "bad faith" and "did not allow the requisite opportunity to cure" the default by refusing to engage with plaintiff's husband when he called regarding the default in April 2019. Because these arguments are not even hinted at in the complaint and were raised for the first time in opposition to summary judgment, I decline to reach them. See Lyman v. CSX Transp., Inc., 364 F. App'x 699, 701 (2d Cir. 2010).

## CONCLUSION

Defendant's motion for summary judgment is granted. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
January 10, 2021

---

defendant's practice of sending the default notices to plaintiff's attorney instead of plaintiff was not inherently deceptive or misleading and that plaintiff does not object to the practice on that basis.